ORRIN H. KNIGHT

*v.*

LOIS K. COLLINGS.

*Opinion filed April 18, 1907—Rehearing denied June 5, 1907.*

1. LIMITATIONS—*when payments amount to recognition of particular debt.* Payments made at different times to a sister by her brother, who had purchased her share of certain real estate but had not then been able to pay for it, amount to such recognition of the particular debt as takes it out of the operation of the Statute of Limitations, where the evidence shows that there was no other debt existing between the parties.

2. EVIDENCE—*life tables are admissible where value of life estate is involved.* A standard life table is admissible in evidence and entitled to be considered, with the other evidence, in determining the value of a life estate.

3. APPEALS AND ERRORS—*court is presumed to have based findings on competent evidence only.* In a suit at law tried without a jury, the admission of incompetent evidence will not reverse if

there is enough competent evidence to sustain the findings of the court, since it will be presumed the court considered the competent evidence only.

4. STATUTE OF FRAUDS—*when Statute of Frauds does not apply.* If a verbal contract for the sale of land has been executed by the vendor and the vendee has received his deed, the Statute of Frauds has no application and the vendor is entitled to recover for the unpaid purchase money.

.APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. C. D. MYERS, Judge, presiding.

Appellee, Lois K. Collings, began an action of assumpsit in the circuit court of McLean county against her brother, the appellant, Orrin H. Knight, to recover the purchase price of her interest in the real estate of her deceased father, together with a balance due on a $1000 policy of insurance payable to her and collected by him. The father died about twenty-seven years ago, leaving a wife and several children. At the time of his death he was the owner of a farm of 155 acres. Appellant subsequently purchased the shares of several of the heirs. Appellee borrowed $1000 on her share and gave a mortgage to secure the same. She was unable to pay the mortgage when it became due, and her brother, the appellant, agreed to pay it for her provided she would make him a deed for her share of the property. There was an agreement entered into between the parties, but they do not agree as to its exact terms. She claims he was to pay off the mortgage and pay her the balance on the basis of what her share was worth. He subsequently gave her a horse in part payment of the amount due her, and they had certain other dealings with reference to a house and lot in the village of Colfax. She was unable to obtain a settlement with him, but finally, on April 21, 1904, the parties entered into an agreement to arbitrate their differences. The arbitrator made his award in favor of the

appellee, but appellant refused to abide by it, and she thereupon brought the present suit in assumpsit.

The declaration consists of the common counts and one special count. The pleas filed were the general issue and several special pleas. A jury was waived, and upon a trial before the court judgment was rendered in favor of appellee for $2275.35. An appeal was prosecuted to the Appellate Court, where the judgment was affirmed, and a further appeal has been prosecuted to this court. .

LIVINGSTON & BACH, for appellant.

BARRY & MORRISSEY, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

In the Appellate Court the judgment of the trial court was affirmed upon the ground that appellant had not presented such an abstract of record as enabled the court to consider the grounds of objection raised by him. A new abstract of record has been filed in this court, but appellee insists that it does not properly present all of the evidence considered by the trial court, and for this reason the judgment should be affirmed. While the abstract is not altogether satisfactory, yet we think the questions raised can be properly disposed of notwithstanding this fact. If the abstract was unsatisfactory to counsel for appellee they had their remedy under the rules of this court.

The first ground of reversal urged is the ruling of the court upon propositions of law. On behalf of appellee five propositions were submitted, all of which were held by the court. On behalf of appellant thirty propositions were submitted, eighteen of which were held and twelve refused. With two exceptions appellant questions the five held for appellee and the twelve refused on his behalf. They are argued in such an irregular manner that it will be impos-

sible for us to consider them in the order in which they are
presented or to discuss each one separately. It will be suf-
ficient to consider the general principles governing the case,
and thereby ascertain whether any error exists in the rul-
ings of the court on the several propositions.

The third and fifth propositions held on behalf of ap-
pellee and the sixth and seventh refused on behalf of the
appellant dealt entirely with the question as to whether or
not the cause of action was barred by the Statute of Limi-
tations. The propositions submitted by appellant were to
the effect that it was barred, while those of appellee were
to the contrary. The court having held that the action was
not barred, that ruling is questioned. The evidence shows
that originally the time of payment was not definitely fixed,
but was to be made when appellant was better able to pay
and when he was ready to make a final settlement. About
March 1, 1902, he was asked to fix a time when he would
be ready to settle, and to insert that time as the date of the
payment of a certain note which appellee sent him. This
date he fixed in writing of his own volition. In 1902 he
gave appellee a horse of the value of $50 to apply upon his
debt to her and took a receipt for that amount. In the fall
of 1903 he had certain dealings with her as to property in
Colfax. He subsequently entered into an agreement of ar-
bitration, which expressly provided that each party would
pay to the other the amount which the arbitrator found to
be due. The question was, therefore, whether there had
been such an agreement to pay, and payment, as took the
case out of the operation of the Statute of Limitations. It
is admitted that certain payments were made, but it is in-
sisted that there was no recognition, by those acts, of the
particular debt in question and an agreement to pay the
same. The evidence amply shows that this was the only
debt existing between the parties, and the court was justi-
fied in finding that the payments above mentioned were such
a recognition of the same as to take it out of the operation

of the Statute of Limitations. *Miller* v. *Cinnamon,* 168 Ill. 447.

The first, second, fourth, fifth and ninth propositions refused upon behalf of appellant dealt with the question of the legal effect of the consideration mentioned in a deed, and under what circumstances it might have been varied by evidence of an agreement to pay an uncertain and unliquidated amount. The second, third, sixth, eighth and ninth propositions held on his behalf fully covered all questions raised by those refused, as to the rights of the parties to vary the amount specified in the deed by parol evidence.

The eighth proposition refused was to the effect that there had been an accord and satisfaction, and the twelfth refused was to the effect that the words therein used, as they appeared in evidence, were not sufficient to revive a barred debt. What we have already said with reference to the third and fifth given applies to the twelfth refused. The evidence was ample to revive the barred debt even though it had been actually barred, as contended by appellant. As to the eighth, there was not sufficient evidence before the court to justify it in holding that there had been an accord and satisfaction. In fact, the evidence proved the contrary.

The refusal of other propositions is complained of, but we think the court committed no error in that regard. The law applicable to the case is not complicated, and was sufficiently, and we think correctly, stated in the propositions held by the court.

Complaint is also made as to the ruling of the court in the admission and exclusion of evidence. It is said a witness named Martin was improperly permitted to testify as to the fair cash market valuation of the property at the time of the trial rather than as of the date upon which the settlement should have been made. If this were the only evidence of the value of the land and formed the basis of the estimate it would doubtless have been improper. The date of the final settlement was the spring of 1904, but there is

abundant evidence upon which to base the proper valuation at the time agreed upon by the parties, and it is clear that the court considered the valuation of that date and not of the date of the trial. We presume that the only purpose of proving the present value was to show that the property had increased in value.

It is next insisted that the court committed error in permitting the Portsmouth life tables to be introduced in evidence. The abstract fails to show any objection made to the introduction of that evidence on the trial, and it cannot be claimed that the objection can be raised for the first time in this court. Moreover, it is not shown that the life tables were incompetent. We have held that such tables may be considered, in connection with other evidence, as to the value of a life estate. *City of Joliet* v. *Blower,* 155 Ill. 414; *Henderson* v. *Harness,* 184 id. 529.

Objection is made to other items of evidence admitted by the court, but the objections are not argued, but disposed of by the general statement that the court committed error in admitting the evidence. This case was tried before the court without a jury, and we do not think any of the evidence objected to was so incompetent that its admission would have been reversible error if submitted to a jury. We will presume that the court disregarded all incompetent testimony and decided the case alone upon evidence which was competent. The competent evidence was amply sufficient to sustain the judgment rendered.

It is finally contended that the court erred in sustaining demurrers to the first, second and third pleas filed by the defendant, which were, in effect, pleas of the Statute of Frauds. The demurrers were properly sustained, for the reason that the contract sued on did not come within any of the provisions of the statute. The contract had been fully performed on the part of the plaintiff, and nothing remained to be done but to pay the money. It is the rule that where a verbal contract for the sale of land has been

executed on one side and the purchaser has received a deed for the premises, the Statute of Frauds has no application and the vendor may recover for the unpaid purchase price. *McDonald* v. *Crosby,* 192 Ill. 282.

Upon a consideration of the whole case we are of the opinion that the judgment of the Appellate Court affirming that of the circuit court is right, and it will accordingly be affirmed.

*Judgment affirmed.*