## Robert H. Smith, Appellant, v. John W. Talbott, Appellee.

STATUTE OF FRAUDS—*when no defense.* A purchaser of land who
verbally assumes and agrees to pay a mortgage cannot successfully invoke
the Statute of Frauds where he has obtained possession of such land
under a deed intended as a conveyance notwithstanding such deed of
conveyance does not correctly describe the land in question.

Assumpsit. Appeal from the Circuit Court of Vermilion county; the
Hon. W. B. SCHOLFIELD, Judge, presiding. Heard in this court at the May
term, 1911. Reversed and remanded. Opinion filed October 20, 1911.
*Certiorari* denied by Supreme Court (making opinion final).

WALTER V. DYSERT, LEWMAN & CRAYTON, and EDWIN
WINTER, for appellant; JAMES C. WOODBURY, of counsel.

ACTON & ACTON, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in assumpsit for the recovery of damages arising from an alleged breach of an oral contract between the parties. To the declaration the defendant pleaded the general issue and the Statute of Frauds. A demurrer was overruled to the latter plea, and the plaintiff electing to abide by his demurrer, the court entered judgment in bar of action and against the plaintiff for costs.

The material allegations of the first count of the declaration are that on March 12, 1906, the plaintiff received a deed of conveyance for certain lands which are specifically described in the declaration; that said deed of conveyance contained the following clause:

"This deed is made subject to a mortgage of Twelve Hundred ($1200.00) Dollars, payable to Amelia J. Fuller, and also mortgages to the amount of Twelve Hundred ($1200.00) Dollars payable to Talbotts which the grantee herein agrees to assume and pay, situated in the County of Vermilion and State of Illinois, releasing and waiving all rights under and by virtue of the homestead exemption laws of this state."

That on June 30, 1907, the defendant purchased the above described premises under a parol agreement with the plaintiff, for the consideration of one dollar and the parol assumption and agreement by the defendant to pay and discharge all liens and encumbrances upon said real estate, which at that time amounted to $3,000; that pursuant to said agreement, and at the defendant's request and procurement, his wife, Amanda Talbott, was named as grantee in the deed, which plaintiff then made and delivered to the defendant; that in said deed the property was incorrectly described; that the defendant accepted said deed as a conveyance of the premises first above described, and went into and continued in possession of said premises under said parol agreement, paid taxes thereon, certain interest

upon the encumbrances thereupon, and received the rents and profits arising therefrom. The declaration further alleges that for the purpose of correcting the erroneous description in said deed to Amanda Talbott, the plaintiff, before the commencement of this suit, made and executed, and tendered to the defendant a deed correctly describing the premises and containing the following clauses:

"The grantee hereby assumes and agrees to pay all liens and encumbrances on said real estate, and the grantee is to receive all rents on said above described premises accrued since January 1, 1907."

"This deed is made to correct the description contained in a deed from the grantors to the grantee under date of June 3, 1907, filed June 4, 1907, recorded in volume 208, page 130, of the records of Vermilion County, Illinois, and for the express purpose of conveying all right, title and interest of grantors in and to the premises above described to the grantee as was intended by both grantors and grantee in said former deed as of the date of said former deed, June 3, 1907."

That the defendant refused to accept said latter deed; that the said mortgage liens upon said premises were not discharged; that decrees of foreclosure were entered thereon, the property sold, and a deficiency decree entered against the plaintiff, by reason whereof the plaintiff was compelled to pay the amount then due on said liens. The second count is, in substance, the same as the first, except that it alleges as a basis of recovery, that the contract was made by the defendant as agent of his wife, and that he had no authority to make the contract.

It is urged by counsel for defendant, in support of the judgment, that the Statute of Frauds presents a good defense to the present action at law; that to avoid the effect of the Statute of Frauds in an action at law, the contract must have been fully executed on one side at least. They admit that where real estate is pur-

chased by verbal agreement, and a deed has been executed correctly describing the land, and has been accepted by the grantee, a verbal agreement to pay a mortgage as a part of the consideration is good, and may be enforced by either the grantor or holder of the mortgage, but insist that in the absence of a correct legal description of the property in the deed in question, such deed did not operate to convey the legal title, and was a nullity. It is true that where the premises are so described in the deed that they cannot be identified, the conveyance is void; but it is otherwise where, as in the present case, the grantee has gone into possession and the parties have thus given a construction to a contract by the manner in which they have executed it, whereby the objection of uncertainty is removed. Purinton v. R. R. Co., 46 Ill. 297; Hayes v. O'Brien, 149 Ill. 403. The purchaser of land who assumes and agrees to pay a mortgage, cannot avoid liability on the ground that by reason of a mistake in the description of the premises he acquired no legal title, where he had already obtained possession of the premises and could have had the mistake corrected. 15 Am. & Eng. Enc. 836; 20 Ibid. 1001; Rowlan v. Garman, 19 Am. Dec. (Ky.) 514.

The facts alleged in the declaration, which in considering the sufficiency of the plea of the Statute of Frauds, must be taken as true, are that in pursuance of the verbal agreement, the plaintiff made and delivered to the defendant a deed of the premises agreed to be conveyed, and that said deed was accepted by the defendant as and for a conveyance of the premises; that the defendant went into possession, collected rents, paid taxes, and as a part of the consideration paid the interest upon the mortgages which he assumed, and which constituted the sole consideration for the conveyance. Nothing then remained to be done pursuant to the contract, except the further performance on the

part of the defendant by paying the mortgage encumbrance. We are of opinion that there was a sufficient performance of the contract to render the Statute of Frauds unavailing as a defense to the cause of action stated in the declaration, and that the demurrer to the special plea should have been sustained. By tendering a correct and sufficient deed, the plaintiff fully performed on his part. Nothing further remained to be done on the part of the defendant except to pay the consideration. It is the rule that when a verbal contract for the sale of land has been executed on one side and the purchaser has received a deed for the premises, the Statute of Frauds has no application, and the vendor may recover for the unpaid purchase price. McDonald v. Crosby, 192 Ill. 283; Knight v. Collings, 227 Ill. 348. We think such consideration is recoverable in the present form of action.

The judgment of the circuit court is reversed and the cause remanded for further proceeding not inconsistent with the views herein expressed.

*Reversed and remanded.*