THE PEOPLE *ex rel.* Joseph Brockamp, County Collector, Appellee, *vs.* THE SCHLITZ BREWING COMPANY, Appellant.

*Opinion filed December 17, 1913.*

1. TAXES—*word "tax," used in statute authorizing city to impose water tax, is not used in a technical sense.* The word "tax," used in paragraph 257 of the Cities and Villages act, (Hurd's Stat. 1911, p. 330,) is used in the sense of "rate" rather than in its technical sense, as the charges made by a city to persons using water are imposed and collected, not as a tax, but as compensation for a commodity used.

2. SAME—*water rents due a city cannot be collected as delinquent taxes under the Revenue law.* A city has the right to charge for water service when a contract has been made with the consumer and has been carried out by the city, and the statute gives a lien upon the premises of the consumer, which may be enforced and the charge thereby collected, but the contractual relation between the city and the consumer does not authorize the city to collect such charges as delinquent taxes, in the manner provided by the Revenue law.

APPEAL from the County Court of Christian county; the Hon. C. A. PRATER, Judge, presiding.

J. E. HOGAN, for appellant.

HARRY B. HERSHEY, State's Attorney, EDWARD E. ADAMS, City Attorney, and W. B. McBRIDE, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This is an appeal from the judgment of the county court of Christian county against certain real estate of appellant for non-payment of taxes. The city of Taylorville has an ordinance for the collection of water rents, in and by which, before the 10th of March each year, the city clerk is required to make return to the county collector of all delinquent water tax, and that the same then goes on the delinquent books and the property is advertised and

sold the same as other property throughout the county upon which the taxes remain unpaid. The city of Taylorville for five years, beginning with 1907, made charges upon its books against the Schlitz Brewing Company for water tax against the two pieces of property involved in this suit. No attempt was made to comply with the ordinance requiring a delinquent list during these five years and until March, 1913, at which time a delinquent list containing the property involved in this suit, with other property, was returned to the county collector. The property was advertised and objections were filed in the county court to the rendition of judgment, based upon the ground that there is no authority of law authorizing the return of delinquent water rents and the obtaining of judgment and sale of the property in this manner, and for the further reason that the property had changed hands during the period of time for which the water rent was delinquent. The facts further disclose that the water rent was paid during the year beginning May 1, 1912, until May 1, 1913, and this entire delinquency occurred for the five years immediately preceding that time. The cause was heard upon the objections and the court rendered judgment for the amount of the water rent, to reverse which this appeal is prosecuted.

Appellant contends that under the statute upon which this ordinance is based the use of the word "tax" was only intended to mean rent or rate, and that it was not a tax, strictly speaking; and further, that where there was a transfer of the property there could be no lien against the purchaser or the property in the hands of the purchaser.

Paragraph 257 of the Cities and Villages act, (Hurd's Stat. 1911, p. 330,) under the head of water-works, provides as follows: "The common council of such cities, or trustees of such towns or villages, shall have power to make and enforce all needful rules and regulations in the erection, construction and management of such water-works,

and for the use of water supplied by the same. And such cities, towns and villages shall have the right and power to tax, assess and collect from the inhabitants thereof such tax, rent or rates for the use and benefit of water used or supplied to them by such water-works, as the common council or board of trustees, as the case may be, shall deem just and expedient. And all such water taxes, rates or rents shall be a lien upon the premises and real estate upon or for which the same is used or supplied. And such taxes, rents or rates shall be paid and collected, and such lien enforced, in such manner as the common council shall, by ordinance, direct and provide."

The foregoing section is the authority upon which the ordinance is based, and is the only authority for the return of this delinquent water tax list, if it can be called a tax.

In the case of *Village of Lemont* v. *Jenks,* 197 Ill. 363, a very similar question arose. The village of Lemont had an ordinance providing that there should be paid on each lot having a building thereon adjoining any street through which any public water supply-pipe is laid the sum of $2.50 per annum in addition to the rates for the use of the water, which tax should be paid on the first day of each year. This court held the ordinance unconstitutional, and in construing the section of the statute above set out said: "The revenues and rates that are spoken of are the earnings of the plant from the use of the water by those persons who take the same, and the last part of the paragraph, giving a lien upon the premises, where used, for the tax or rents or rates, is but the means of securing the payment to the city of the earnings of the plant and is no part or in no way within the contemplation of taxes as such. The water rate, rents and taxes referred to in that paragraph relate to moneys due the city from those using the water by virtue of the contractual relation that exists between them, whereas a tax does not depend upon the contract, but is the tribute

of support commanded by sovereignty of the subject and for which his property is held."

While the words "taxes, rents or rates" are used in the statute, the word "rates" would probably be the better term. The law gives municipalities the right to establish water-works systems and supply water to all who may desire to become consumers and establishes the rate or price such consumers pay. When a municipality establishes a system of water-works, its rates and charges to those who use the water are imposed and collected, not as a tax but as compensation for a commodity used. (*City of Chicago* v. *Northwestern Mutual Life Ins. Co.* 218 Ill. 40.) For many reasons that are apparent, such rates or charges for the use of water are not a tax within the meaning of the term as used in our Revenue law. The obligation to pay rests upon the contract made between the user of water and the municipality. A tax is imposed, not by reason of a contract, but as the regular contribution which all must make for the support of the government. When a municipality goes into the business of furnishing water, while such business is more or less public in its nature, it does so not in the capacity of local sovereignty. (*Wagner* v. *City of Rock Island,* 146 Ill. 139.) The obligation of the consumer to pay rests upon a contract entered into between the city and the consumer, which contract the consumer had an option to make or not, as he pleased. The municipality has the right to charge for the service when the contract has been made and performed on its part, and the statute gives a lien upon the premises and real estate of the consumer so supplied with water by the municipality and such charges can be collected and the lien enforced, but such contractual relation does not give the municipality the authority or power to collect these charges as delinquent taxes under our Revenue law. The so-called tax will not be abated, as it might be a proper charge to be collected from whoever owes it, in a proper proceeding.

For the reasons stated the judgment will be reversed and the cause remanded to the county court of Christian county, with directions to set aside the judgment and sustain the objections made by appellant to the entry of such judgment.        *Reversed and remanded, with directions.*