## Town of Cicero, Appellee, v. Township High School District No. 201, Appellant.

### Gen. No. 40,271.

Opinion filed March 29, 1939. Rehearing denied April 12, 1939.

Otto A. Jaburek, of Chicago, for appellant; Frank C. Jaburek, of counsel.

Baumann & Laux, of Chicago, for appellee.

Mr. Presiding Justice Denis E. Sullivan delivered the opinion of the court.

The plaintiff, town of Cicero, brought suit at law in assumpsit to recover payment for the water delivered to the J. Sterling Morton High School, an institution maintained and operated by the defendant, Township High School District No. 201. A hearing was had upon the plaintiff's motion to dismiss the defendant's amended answer and counterclaim.

On April 22, 1938, the court struck the amended answer and counterclaim and entered judgment for plaintiff in the sum of $2,507.58, on the amended claim from which the defendant brings this appeal.

The counterclaim filed by defendant was to recover money which it had paid to the town of Cicero for water defendant had received from plaintiff during prior years, amounting to approximately $23,462.83, which included the sum of $1,831.56, which latter named sum was paid under protest.

The town of Cicero, plaintiff herein, is an incorporated town within Cook county which maintains a water department in its private capacity and supplies the defendant high school with water. The defendant, Cicero-Stickney Township High School District No. 201, embraces five communities, namely, the town of Cicero, city of Berwyn and the villages of Lyons, Stickney and Forest View; that said school draws its student body from all five of these townships and that the burden of taxation for its support is levied against all five named townships.

The town of Cicero obtains its water from the city of Chicago and pays the said city for it and mains are

run through the town of Cicero which furnishes the water to its inhabitants and various institutions, including the defendant herein.

One of the main contentions of the defendant is that the high school is a "charitable institution" and as such is exempt from making payment for water charged, as provided under the ordinance of the town of Cicero of July 19, 1920. Said section reads as follows:

"(Exemptions — Charitable, Municipal, Religious and Educational Institutions, and Armories):

"The Bureau of Water shall remit and cancel all water rates and charges heretofore levied and assessed or which may hereafter be levied and assessed against such property of any charitable or religious institution in the Town as is used in the immediate conduct of carrying on of the charitable or religious purposes of such institution, or which have been heretofore or may hereafter be levied and assessed against any armory of the National Guard.

"The Bureau of Water shall keep or cause to be kept accurate accounts against all institutions exempted from the payment of water rates and charges. Said account shall show the amounts so cancelled as a credit to the total waterworks collections and as a debit to the institutions specified. All such institutions, however, shall be provided with a water meter, and unnecessary waste of water shall be eliminated."

Defendant's main contention as we understand it is that the public schools are a charitable organization as mentioned in the ordinance and that water charges assessed against the defendant are taxes and cannot lawfully be assessed against said defendant because of the exemptions contained in the provisions of the Revenue Act of 1872 and the amendments thereof.

Defendant in its statement of points alleges that water charges are taxes, and for that reason they

should be governed by the revenue law. With this we do not agree. As the Supreme Court said in the case of *People ex rel. Brockamp v. Schlitz Brewing Co.*, 261 Ill. 22, page 25:

"While the words 'taxes, rents or rates' are used in the statute, the word 'rates' would probably be the better term. The law gives municipalities the right to establish water-works systems and supply water to all who may desire to become consumers and establishes the rate or price such consumers pay. When a municipality establishes a system of water-works, its rates and charges to those who use the water are imposed and collected, not as a tax but as compensation for a commodity used. (*City of Chicago v. Northwestern Mut. Life Ins. Co.*, 218 Ill. 40.) For many reasons that are apparent, such rates or charges for the use of water are not a tax within the meaning of the term as used in our Revenue law. The obligation to pay rests upon the contract made between the user of water and the municipality. A tax is imposed, not by reason of a contract, but as the regular contribution which all must make for the support of the government. When a municipality goes into the business of furnishing water, while such business is more or less public in its nature, it does so not in the capacity of local sovereignty. (*Wagner v. City of Rock Island,* 146 Ill. 139.) The obligation of the consumer to pay rests upon a contract entered into between the city and the consumer, which contract the consumer had an option to make or not, as he pleased. The municipality has the right to charge for the service when the contract has been made and performed on its part, and the statute gives a lien upon the premises and real estate of the consumer so supplied with water by the municipality and such charges can be collected and the lien enforced, but such contractual relation does not give the municipality the authority or power to collect these charges as delinquent taxes under our Revenue law."

It is further argued by defendant in substance that public schools are charitable institutions as contemplated by the law and are, therefore, exempt from the payment of water charges.

In *Congregational S. S. & Pub. Society v. Board of Review*, 290 Ill. 108, the court in defining what was meant by the term "beneficent and charitable organizations," at page 112, said:

"The definition of a charity which we adopted in *Crerar v. Williams*, 145 Ill. 625, first laid down by Mr. Justice Gray in *Jackson v. Phillips*, 14 Allen, 539, is: 'A charity, in a legal sense, may be more fully defined as a gift, to be applied, consistently with existing laws, for the benefit of an indefinite number of persons, either by bringing their minds and hearts under the influence of education or religion, . . . by assisting them to establish themselves in life . . . or by otherwise lessening the burdens of government.' This definition was approved in *Hoeffer v. Clogan*, 171 Ill. 462, *In re Estate of Graves*, 242 id. 23, and *Skinner v. Northern Trust Co.*, 288 id. 229. The editors of the American and English Encyclopedia of Law (5 Am. & Eng. Ency. of Law, — 2d ed. —, 894,) and of Corpus Juris (11 Corpus Juris, 299,) have accepted this definition as comprehensive and satisfactory.

"Charity, in the legal sense, is not confined to mere almsgiving or the relief of poverty and distress, but has a wider signification, which embraces the improvement and promotion of the happiness of man. A charity is a gift to the general public use which extends to the rich as well as to the poor. The test of a charity and the test of a charitable organization are in law the same." See also *Board of Education of Chicago v. Upham*, 357 Ill. 263; *Board of Education of Alton v. Alton Water Co.*, 314 Ill. 466; *Keime v. Community High School District No. 296*, 348 Ill. 228; *People ex rel. Board of Education v. Read*, 344 Ill. 397; McQuillin Mun. Corp., 2nd Ed. Rev. Vol. 6, ch. 46, p. 533, sec. 2594.

It will be seen from the foregoing citation of opinions that a public high school, supported by revenue derived from a levy of school taxes in a school district upon property located in that district, could not in any sense be construed as a charitable institution.

Other points are raised by the defendant but we do not think they are controlling.

We are of the opinion that plaintiff is entitled to be paid for the water the same as any other commodity such as coal, wood, school supplies, etc., which defendant might purchase from any vendor thereof, which are necessary to continue school activities, and we are of the further opinion that the superior court was right in striking the defendant's·answer and rendering judgment in favor of plaintiff.

*Judgment affirmed.*

HEBEL and BURKE, JJ., concur.