Patrick J. Stromick, Appellant *v.* The North Fayette County Municipal Authority, Appellee.

Argued November 3, 1976, before Judges WILKIN-SON, JR. and ROGERS, sitting as a panel of two.

*Joseph R. Rygiel,* for appellant.

*Paul V. Mahoney,* for appellee.

OPINION BY JUDGE ROGERS, December 19, 1977:

Patrick J. Stromick sued the North Fayette County Municipal Authority in equity seeking an order compelling the Authority, a municipal water supplier, to restore water services to a private water line owned by Stromick and others.

By deed dated July 9, 1969, Stromick, his wife Goldie and Clarence Ashton and Vivian, his wife, acquired title to a 7.95 acre parcel of land in Union Township, Fayette County. A dwelling on the property received water from the Authority under service con-

tract No. 6404 executed by Patrick J. Stromick and dated April 20, 1970. This instrument is called a residential contract for water service. A provision of the contract incorporates therein the rules and regulations of the Authority. The Authority's water reaches the dwelling house by a 2-inch service line extension[1] which is connected to the Authority's service line connection[2] in the public road, which in turn is connected to the Authority's 4-inch transmission main.[3]

By deed dated July 6, 1972, the Stromicks and Ashtons conveyed a portion of their land to Yvonne Hopwood, and her daughter, Colleen Hopwood Wynegar. The deed conferred on the grantees the right to use the extension service line but reserved the ownership of the line to the grantors. The Stromicks and Ashtons

---

[1] Under Section I, Rule 22 of the Authority's regulations, a Service Line Extension is defined as:

The pipe, valves and other facilities by means of which water is conducted from the curb stop to a point on the outlet side of the meter to be located inside the walls of the building or meter pit if approved; and specifically includes the service line extending from a point of connection to the curb stop to a point inside the walls of the premises immediately ahead of the meter, connections for the inlet and outlet sides of the meter, a stop and waste cock on the outlet side of the meter and such other facilities.

[2] Section I, Rule 21 defines Service Line Connection as:

The pipe, valves and other facilities by means of which the Authority conducts water from its distribution mains to the curb stop to be located at the curb line or property line of the premises, and specifically includes the corporation stop or other means of connection to the main, the service line connected to the corporation stop and extending to the point of connection to the curb stop, the curb box and such other facilities.

[3] Section I, Rule 18 defines Mains as:

Distribution pipe lines which are located in streets, highways, public ways or private rights-of-ways, and which are used to serve the general public.

later rented a small portion of their land and sold another small portion on each of which a mobile home was placed. Stromick, or others with his permission, ran water lines from the 2-inch service line extension to the trailers.[4] The Authority learned of these connections and notified Stromick in July of 1973 that the additional taps into the service line extension violated the Authority's regulations and should be removed. Stromick refused to remove the taps and, on May 6, 1974, the Authority terminated water service through the service line extension thus depriving all three dwellings of water.

Stromick filed his complaint in equity on May 9, 1974. The court below issued a temporary injunction restoring water services until final disposition of the action. After trial on the merits, the court below concluded that Stromick had violated Authority regulations; that the owners of the Hopwood-Wynegar residence were nevertheless entitled to water services under the contract between Stromick and the Authority; but that although Stromick was not entitled to have water supplied to the trailers because of the violation of Authority rules water service to the trailers should continue for one year "to permit an amicable settlement of the dispute, or in the alternative, to afford the innocent parties involved an opportunity to pursue any legal procedures which they may have." Stromick complains that the court below erroneously concluded that the Authority's regulations must be observed and improperly limited its order that water service to the trailers be continued for only one year. We affirm the order below.

---

[4] All of the water supplied to the dwelling and the two trailers passed through the Authority's meter. Stromick paid the Authority's bills from funds collected from the occupants of the three dwellings.

Section V, Rule 47 of the Authority's regulations provides that:

> ONE SERVICE CONNECTION FOR EACH CUSTOMER: A service line will be used to supply a single customer only, and no premises shall have more than one service connection except where impossible or impracticable to furnish an adequate water supply service thereto through one service connection, in which event the Authority may agree to the installation and use of more than one such connection.

Section VII, Rule 65(b)(2) states that:

> (b) By Authority: Service under any application may be discontinued for any of the following reasons.
>
> . . . .
>
> (2) For the use of water for or in connection with, or for the benefit of any other premises or purposes than those described in the application.

Stromick clearly violated Section V, Rule 47 and the Authority could terminate service under Section VII, Rule 65(b)(2).

Stromick contends that the one service line per customer regulation is capricious and arbitrary and therefore unenforceable. We disagree. A municipal authority has the right to receive reasonable rates for services it provides and a duty to render adequate, safe and reasonable services. *Yezioro v. North Fayette County Municipal Authority,* 193 Pa. Superior Ct. 271, 164 A.2d 129 (1960). The regulation in question is a reasonable measure to ensure a sufficient supply of water at adequate pressures to all of its customers. The regulation also ensures that a defect or failure in a service line extension will inconvenience only one customer. Finally, the regulation allows shutoffs for

failure to pay water bills without affecting innocent parties, exactly the situation here.

Stromick also says that the Authority's regulations should not apply to his service line extension because it was installed many years before the Authority began supplying service to the dwelling house now owned by Hopgood and Wynegar. This contention is also without merit. When Stromick executed the service contract in 1970, he agreed to comply with the Authority's regulations as a condition to his right to receive the Authority's water service.

Accordingly, we enter the following

### ORDER

AND Now, this 19th day of December, 1977, the final decree of the Court of Common Pleas of Fayette County is affirmed.