ELIZABETH B. BROOKS *et al.*, Plaintiffs-Appellants, *v.* THE VILLAGE OF WILMETTE, Defendant-Appellee.

First District (3rd Division)   No. 78-140

Opinion filed May 30, 1979.

William M. Doty and Harold W. Klinger, both of Chicago, for appellants.

Robert J. Mangler, of Wilmette, for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiffs brought this action against the Village of Wilmette, a municipal corporation, to recover damages for breach of contract and for tortious acts arising out of Wilmette's alleged failure to repair broken water mains. The trial court granted Wilmette's motion to dismiss the complaint, and plaintiffs appeal.

Plaintiffs, Elizabeth Brooks and Irene Brown, were the beneficial owners of a parcel of real estate located at 625 Eleventh Street in Wilmette. (These premises are located at the corner of Central Avenue

and Eleventh Street.) Plaintiffs, Robert and Gertrude Moore, were the owners of a parcel of real estate located at 1700 Central Avenue in Wilmette.

The complaint consisted of two counts, one in contract and one in tort. The complaint recited in count I that plaintiffs as owners of real estate had utilized and paid for water services furnished by Wilmette; that Wilmette by ordinance was responsible for the repair of all water service pipe from the main to their premises; and that in 1964 Wilmette amended the ordinance to place responsibility for repair or replacement of the service pipe from the main to the curb shut-off upon the owners of the property. The complaint further charged that the enactment of the 1964 ordinance was arbitrary and unreasonable, and caused the establishment of nonuniform and unreasonable water rates for plaintiffs; and that the passage of the ordinance constituted a breach of Wilmette's contract with plaintiffs. The complaint also alleged that the Brooks plaintiffs became aware of the breach of contract on July 30, 1975, when a break occurred in the service pipe under Central Avenue leading to the curb shut-off of the Brooks property; that Wilmette, after discovering the location of the break, discontinued work and shut off service to the Brooks premises; that the plaintiff owners of the Brooks premises were compelled to hire a company to make the repairs at a cost of $6,582.48. The complaint further charged that on March 3, 1976, a break occurred in the service pipe under Central Avenue leading to the Moores' property; that Wilmette refused to repair the break; and that the Moores were compelled to have the break repaired at a cost of $632.26.

In count II, plaintiffs alleged that the enactment of the 1964 ordinance constituted a breach of ordinary care; that Wilmette committed a tortious act against plaintiffs when the breaks in the service pipe occurred. Plaintiffs further charged that Wilmette ratified the tortious act in 1976 by amending the ordinance in question and again placing responsibility for such repair on Wilmette rather than on property owners. Plaintiffs in each count sought damages in the amounts of the costs of repairs.

Wilmette filed a motion to dismiss the complaint. The motion to dismiss asserted that the complaint contained no allegation that the ordinances were invalid or unconstitutional, and that there was no allegation that Wilmette or its agents did any act in violation of the ordinances. The motion also recited that the complaint requested the court to construe certain contractual rights, and that consequently, the suit was for declaratory judgment or should be filed as a chancery matter.

After hearing argument, the trial court found that the ordinances were lawful and valid and dismissed the complaint without prejudice. At the time of entry of the order of dismissal, the trial court suggested that plaintiffs might have a remedy in a court of equity.

■■ A motion to dismiss admits such allegations as are well pleaded together with all reasonable inferences which could be drawn from the facts. (*Barliant v. Follett Corp.* (1978), 74 Ill. 2d 226, 384 N.E.2d 316; *Hubbard v. Aetna Insurance Co.* (1976), 37 Ill. App. 3d 666, 347 N.E.2d 396.) Upon review, a court must determine whether the allegations of the complaint when interpreted in the light most favorable to the plaintiff are sufficient to set forth a cause of action upon which relief may be granted. (*Zagar v. Gomberg* (1978), 66 Ill. App. 3d 611, 384 N.E.2d 426; *J. J. Harrington & Co. v. Timmerman* (1977), 50 Ill. App. 3d 404, 365 N.E.2d 721.) A complaint will not be dismissed for failure to state a cause of action unless it clearly appears that no set of facts could be proved under the pleadings which would entitle the plaintiff to relief. *Fitzgerald v. Chicago Title & Trust Co.* (1978), 72 Ill. 2d 179, 380 N.E.2d 790.

■■ The legal relationship between the municipality engaged in the business of furnishing water to its inhabitants and a water consumer is essentially one of contract. (*People ex rel. Brockamp v. Schlitz Brewing Co.* (1913), 261 Ill. 22, 103 N.E. 555; *Rosborough v. City of Moline* (1961), 30 Ill. App. 2d 167, 174 N.E.2d 16.) The consumer's obligation to pay for the services and for use of the water furnished by a municipality and the obligation of the municipality to render adequate and reasonable water service rest upon the contract made between the user and the municipality. (*Town of Cicero v. Township High School District No. 201* (1939), 299 Ill. App. 237, 20 N.E.2d 114; *Stromick v. North Fayette County Municipal Authority* (1977), 33 Pa. Commw. Ct. 66, 380 A.2d 954; *Yezioro v. North Fayette County Municipal Authority* (1960), 193 Pa. Super. 271, 164 A.2d 129.) The ordinances of the municipality regulating the supply of water to citizens are binding on both the municipality and the consumer. (*N. K. Fairbank Co. v. City of Chicago* (1910), 153 Ill. App. 140.) No contract can be modified or amended in an *ex parte* fashion by one of the contracting parties without the knowledge and consent of the remaining party to the agreement. (*People ex rel. Sterba v. Blaser* (1975), 33 Ill. App. 3d 1, 337 N.E.2d 410.) Where a municipal ordinance is applicable to a contract it becomes by operation of law an implied term of that contract. *Bethel Terrace, Inc. v. Village of Caseyville* (1976), 43 Ill. App. 3d 276, 356 N.E.2d 1269.

In our view, the validity of the 1964 Wilmette ordinance is not significant in determining whether the present complaint states a cause of action in contract. As we have noted, when a municipality undertakes the delivery of water services it enters into a contract in the same manner as a private contracting party. Thus it is the applicability of the ordinance, not its validity, which must be considered in determining whether plaintiffs have pleaded sufficiently to withstand Wilmette's motion to dismiss.

■■ To make such a determination, we need look at the well-pleaded facts

in the complaint plus the inferences which could be drawn from those facts. The complaint alleged that plaintiffs utilized and paid for water services furnished by Wilmette. At the time plaintiffs began receiving water services, the ordinance then in effect placed the burden of repair for damaged water pipes on Wilmette. Plaintiffs charged that this burden became part of Wilmette's obligation to render adequate and reasonable water service, and that Wilmette unilaterally altered its obligation without the knowledge and consent of plaintiffs. Plaintiffs further charged that Wilmette arbitrarily shifted the cost of repair to plaintiffs, and this shift caused nonuniform and unfair water rates and constituted a breach of contract. The complaint was sufficient to state a cause of action.

Cases cited by Wilmette are distinguishable. In *Rosborough v. City of Moline* (1961), 30 Ill. App. 2d 167, 174 N.E.2d 16, the water user sought a declaratory judgment to determine whether placing the cost of repair for a damaged water pipe on the consumer was proper. The user had signed a contract for water services furnished by the municipality which provided that the contract was subject to all present and future regulations of the water department. One such regulation placed the burden of repair on the water user. The court held that the regulation was reasonable and constituted a part of the contract between the municipality and the water user. *Rosborough* is distinguishable because there the regulation requiring the water user to bear the costs of repair for damaged water pipes expressly was made a part of the water services contract. In *District of Columbia v. North Washington Neighbors* (D.C. 1977), 367 A.2d 143, the court merely held that the district had the authority under its rules and regulations to place the cost of repair on the water user as a tax. In the present case, the authority of Wilmette to enact rules and regulations governing the water supply and its distribution is not in dispute

We have stated that plaintiffs did not have to challenge the validity of the 1964 ordinance to recite a cause of action. We believe, however, that plaintiffs' complaint did, in fact, challenge the validity of the ordinance. Plaintiffs alleged that the 1964 ordinance shifting the burden of repair from Wilmette to plaintiffs was arbitrary and that it was unreasonable and unjust. The complaint alleged the nonuniformity of the ordinance in pointing out that the costs of repairs to the Brooks premises were $6,582.48 while the costs to the premises belonging to the Moores were $632.26. Plaintiffs further alleged that in 1976 the ordinance was amended back to its pre-1964 status. Pleadings are to be liberally construed, and a claim should not be dismissed if it informs the opposite party and the court of the nature of the action and the facts upon which it is based. *Steinberg v. Chicago Medical School* (1976), 41 Ill. App. 3d 804, 354 N.E.2d 586.

■■ Count II of plaintiffs' complaint sought to recover from Wilmette for tortious acts in its failure to repair the broken water mains. The complaint

recited that enactment of the 1964 ordinance constituted lack of ordinary care and that Wilmette committed a tortious act when the breaks in the pipes occurred. Count II did not recite well-pleaded facts sufficient to set forth a cause of action in tort. The trial court properly dismissed count II.

For the reasons stated, the judgment of the circuit court of Cook County dismissing count II of plaintiffs' complaint is affirmed. The judgment dismissing count I is reversed, and the cause is remanded for further proceedings.

Affirmed in part; reversed and remanded in part.

McGILLICUDDY and RIZZI, JJ., concur.