FALCON ASSOCIATES, INC., Plaintiff,

v.

CITY OF O'FALLON, ILLINOIS, Defendant.

No. 94–CV–301–WDS.

United States District Court, S.D. Illinois.

Aug. 11, 1994.

Thomas E. Berry, Jr., McMahon, Berger, Hanna, Linihan, Cody & McCarthy, St. Louis, MO, for plaintiff.

Robert E. Becker, Kassly, Bone, Becker, Dix, Reagan & Young, P.C., Belleville, IL, for defendant.

## MEMORANDUM AND ORDER

STIEHL, District Judge:

Before the Court is defendant's motion to dismiss plaintiff's complaint, and plaintiff's motion to strike defendant's reply to plain-

tiff's response. This cause of action arises from the alleged failure of the defendant to provide water supply to the Misty Valley and Thornbury Hills subdivisions developed by the plaintiff, a residential developer. The defendant provides water services to subdivisions after they make the proper application for these services, in accordance with the O'Fallon Municipal Ordinances. Upon application and payment of fees, the defendant will enter into a written contract to provide water services to a residence.

The record reveals that the plaintiff is currently involved in a labor dispute with Local 670 of the Laborers' International Union of the North America (Local 670). Employees of both the plaintiff and defendant include Local 670 members. In May of 1993, plaintiff established a neutral gate at both subdivisions, which Local 670 has honored. However, plaintiff alleges that defendant has refused to enter the neutral gate to connect plaintiff's residences to the water works systems.

To sustain a dismissal of a complaint under Fed.R.Civ.P. 12(b)(6), the Court must take all well-pleaded allegations as true and construe the complaint in the light most favorable to the plaintiff to determine whether it is entitled to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

### *SECTION 1983 CLAIMS*

Counts I and IV of the complaint assert federal question jurisdiction. Count I alleges breach of contract, and Count IV alleges breach of fiduciary duty. Both counts seek relief under the National Labor Relations Act. 29 U.S.C. § 151 *et seq.* Relying on *Golden State Transit Corp. v. Los Angeles*, 493 U.S. 103, 110 S.Ct. 444, 107 L.Ed.2d 420 (1989), plaintiff asserts that both counts set forth a claim under 42 U.S.C. § 1983, and that the NLRA provides the federal right which has been violated.

In a § 1983 claim, the plaintiff must allege first that the defendant's action against it was taken under the color of state law, and that the action was undertaken pursuant to a plan or policy that could justify imposition of liability on the municipality. *Yeksigian v. Nappi*, 900 F.2d 101, 104 (7th Cir.1990). This official policy or governmental usage or custom need not be formally approved or authorized. *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 690–691, 98 S.Ct. 2018, 2035–2036, 56 L.Ed.2d 611 (1978). The NLRA provides a right against governmental interference in the bargaining process. *Golden State*, 493 U.S. at 108, 110 S.Ct. at 449. Plaintiff alleges that the Mayor of O'Fallon announced a policy which required the defendant to refrain from connecting plaintiff's residences to the water works system until the labor dispute was resolved. This policy addresses conduct of the plaintiff unrelated to the obligation of the defendant to connect residences to defendant's water works system. Therefore, plaintiff has alleged that the purpose underlying the policy is interference in the bargaining process, which constitutes a claim that the defendant was acting in the capacity of a regulator, which is an action taken under the color of state law. *Building & Construction Trades Council v. Associated Builders*, — U.S. ——, ——, 113 S.Ct. 1190, 1197, 122 L.Ed.2d 565 (1993). Therefore, Count I sufficiently alleges a *§ 1983* claim to withstand a motion to dismiss. The Court finds, however, that Count IV is duplicative of Count I, and therefore is **DISMISSED.**

### *BREACH OF CONTRACT*

Defendant asserts that Count II is subject to dismissal for failure to sufficiently allege the existence of a contract. Under Illinois law, a complaint based upon breach of contract must allege the existence of the contract purportedly breached by the defendant, the plaintiff's performance of all contractual conditions required of it, that the defendant breached the contract, and the existence of damages as a consequence of the breach. *Martin–Trigona v. Bloomington Fed. Sav. & Loan Ass'n*, 101 Ill.App.3d 943, 57 Ill.Dec. 348, 351, 428 N.E.2d 1028, 1031 (1981). *See also, Derson Group Ltd. v. Right*

*Mgt. Consultants, Inc.,* 683 F.Supp. 1224, 1230 (N.D.Ill.1988). Under federal notice pleading standards, a complaint is adequate if it notifies the defendant of the claims brought against it. 5 Wright and Miller, *Federal Practice and Procedure* § 1216 (1990) ("[R]elief-claiming pleadings need not state with precision all elements that give rise to a legal basis for recovery as long as fair notice of the nature of the action is provided."). In Illinois, the "legal relationship between a municipality engaged in the business of furnishing water to its inhabitants and a water consumer is essentially one of contract." *Brooks v. Village of Wilmette,* 72 Ill.App.3d 753, 28 Ill.Dec. 934, 937, 391 N.E.2d 133, 136 (1979), and a municipal ordinance applicable to a contract becomes an implied term of the contract by operation of law. *Id.* The Court finds, therefore, that Count II sufficiently alleges a claim based on breach of contract to survive the motion to dismiss.

### BREACH OF FIDUCIARY DUTY

■ In Count III, plaintiff alleges that defendant breached its fiduciary duty by refusing to connect plaintiff's residences to its water works system, and that the defendant has exclusive control over municipal water works system and is the sole provider of potable water. Plaintiff asserts that defendant's exclusive control of the supply of potable water, an essential service, establishes a fiduciary duty. Under Illinois law, a fiduciary relation arises only if "one person has reposed trust and confidence in another who thereby gains influence and superiority over the other." *Burdett v. Miller,* 957 F.2d 1375, 1381 (7th Cir.1992), *quoting Amendola v. Bayer,* 907 F.2d 760, 763 (7th Cir.1990). The relationship need not be legal, but may be moral, social, domestic, or merely personal. *Coppens v. Coppens,* 395 Ill. 326, 70 N.E.2d 54, 59–60 (1946). In this case, plaintiff has not alleged that defendant's superiority resulted in influence, nor that plaintiff placed any trust in the defendant. Therefore, the claim of breach of fiduciary duty must fail. Accordingly, the Court GRANTS defendant's motion to dismiss Count III of plaintiff's complaint for failure to allege a breach of fiduciary duty.

### PRE–EMPTION OF STATE CLAIMS

■ The defendant claims that Illinois Public Labor Relations Act (IPLRA) preempts all state claims, 5 ILCS 315/1 *et seq.,* and therefore, Counts II and III are subject to dismissal. The Court finds, however, that the policy section of IPLRA makes clear that the purpose of the Act is to regulate labor relations *between public employers and employees.* 5 ILCS 315/2. Under IPLRA, "public employee" and "employee" are synonymous, and are defined as those individuals employed by a public employer. 5 ILCS 315/3(n). Plaintiff has not alleged a dispute between defendant and the defendant's employees. Moreover, plaintiff is not a public employer and its employees are not public employees under IPLRA. Therefore, the Court finds that IPLRA does not pre-empt plaintiff's state-law claim.

Accordingly, the Court DENIES defendant's motion to dismiss Counts II and III as pre-empted by the IPLRA.

### CONCLUSION

Accordingly, the Court GRANTS in part and DENIES in part defendant's motion to dismiss. The Court GRANTS defendant's motion to dismiss Count III of the complaint for failure to allege a fiduciary duty and Count III is DISMISSED. The Court GRANTS defendant's motion to dismiss Count IV as duplicative of Count I, and Count IV is DISMISSED. The Court DENIES defendant's motion to dismiss Counts I and II.

The Court DENIES as moot plaintiff's motion to strike defendant's reply to plaintiff's response to defendant's motion for dismissal.

IT IS SO ORDERED.