The NUTRASWEET COMPANY
& Monsanto Company,
Plaintiffs,

v.

X–L ENGINEERING CORPORATION,
& Paul R. Prikos, individually,
Defendants.

No. 95 C 6024.

United States District Court,
N.D. Illinois,
Eastern Division.

May 20, 1996.

Andrew Richard Running, Douglas Brian Drysdale, Kirkland & Ellis, Chicago, IL, for Nutrasweet Company, Monsanto Company.

Emund B. Moran, Jr., Schopf & Weiss, Chicago, IL, for X–L Engineering Corporation, Paul R. Prikos.

### *OPINION AND ORDER*

NORGLE, District Judge:

Before the court are Defendants' Motions to Suppress Evidence [Doc. # 9–1], Quash Statements [Doc. # 9–2], and Dismiss the Complaint [Docs. # 9–3 & 10–1].[1] For the following reasons, the motions are denied.

---

1. The court addresses the arguments found within both of Defendants' Combined Motions to Dismiss, Docket Nos. 9–3 and 10–1, as though brought in a single motion.

## I. Motion to Suppress Evidence

Defendants X–L Engineering Corp. ("X–L") and Paul Prikos ("Prikos") (collectively, "Defendants") first move this court to suppress all evidence generated from investigations made by the Illinois Environmental Protection Agency ("IEPA") and the Illinois State Police ("ISP"). Defendants argue that the investigators never obtained a warrant to enter upon their land, and thus any seizure of material on that land violates their Fourth Amendment rights. The court finds this argument contrary to well-established law.

■ The Seventh Circuit Court of Appeals already rejected Defendants' argument in another case: "We hold that the Fourth and Fourteenth Amendments do not require in civil cases that the exclusionary rule be extended to situations where private parties seek to introduce evidence obtained through unauthorized searches made by state officials." *Honeycutt v. Aetna Ins. Co.*, 510 F.2d 340, 348 (7th Cir.1975). Therefore, even assuming *arguendo* that both the IEPA and ISP did, in fact, conduct illegal searches and seizures,[2] the exclusionary rules of the Fourth and Fourteenth Amendments do not apply to the instant action. *Id.; see also United States v. Janis*, 428 U.S. 433, 447, 96 S.Ct. 3021, 3029, 49 L.Ed.2d 1046 (1976) ("In the complex and turbulent history of the [exclusionary] rule, the Court never has applied it to exclude evidence from a civil proceeding, federal or state."). Accordingly, the court denies Defendants' Motion to Suppress Evidence.

## II. Motion to Quash Statements

■ Defendants also move this court to quash all statements given by X–L personnel to IEPA and ISP officers since the X–L employees were never given the proper *Miranda* warnings prior to interrogation. This argument collapses from the weight of mountains of contradictory case law. In making this argument, Defendants' counsel approaches sanctionable conduct. *See* Fed. R.Civ.P. 11 ("[b]y presenting to the court . . . a . . . written motion, . . . an attorney . . . is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,— . . . (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law."). Notwithstanding Defendants' lack of standing to claim that their employee's Constitutional rights have been violated, interrogations of individuals absent *Miranda* warnings does not automatically signal violations of the individuals' Fifth Amendment rights;[3] "the violation occurs only when the statements are used in criminal proceedings" against the very person making the statements. *Buckley v. Fitzsimmons*, 919 F.2d 1230, 1245 (7th Cir.1990). *See also Angara v. City of Chicago*, 897 F.Supp. 355, 359 (N.D.Ill.1995) ("[t]he remedy under *Miranda v. Arizona* . . . is nothing more than the suppression of evidence at a criminal trial."). A *Miranda* warning must be given whenever a custodial interrogation begins. *United States v. LaGrone*, 43 F.3d 332 (7th Cir. 1994). Here, no custodial interrogation took place. Put simply, the Fifth Amendment argument here is misplaced and, accordingly, the court denies Defendants' Motion to Quash the Statements.

## III. Motions to Dismiss

■ Defendants also move the court dismiss the Complaint. On a motion to dismiss, all well-pleaded factual allegations are presumed to be true. *Johnson v. Martin*, 943 F.2d 15, 16 (7th Cir.1991); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir.1991). The court must view those allegations in the light most favorable to the plaintiff, *Gomez v. Illinois State Board of Education*, 811 F.2d

---

**2.** Illinois case law suggests that the IEPA indeed has authority to enter private property without a warrant for the purpose of conducting certain types of investigations. *See People v. Van Tran Electric Corp.*, 152 Ill.App.3d 175, 185, 105 Ill. Dec. 173, 503 N.E.2d 1179 (Ill.Ct.App.1987) (finding that a property owner was barred "from preventing IEPA access to . . . property upon a showing of a release or substantial threat of release of a hazardous substance.").

**3.** The Fifth Amendment states that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V.

**770**

1030, 1039 (7th Cir.1987), and all reasonable inferences to be drawn from those allegations are also accepted as true. *Meriwether v. Faulkner*, 821 F.2d 408, 410 (7th Cir.1987). Additionally, the court must construe the pleadings liberally, and mere vagueness or lack of detail alone will not constitute sufficient grounds to dismiss a complaint. *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir.1985). Furthermore, the complaint need not specify the correct legal theory nor point to the right statute to survive a Rule 12(b) motion to dismiss, *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir.1992); however, the complaint will be dismissed if the plaintiff cannot prove the facts upon which the sought after legal relief may be granted. *Ross v. Creighton Univ.*, 957 F.2d 410, 413 (7th Cir.1992).

Defendants contend (1) that Plaintiffs have not sufficiently alleged Monsanto Company's standing, (2) that Counts I through III of the Complaint are devoid of facts sufficient to constitute "arranger" liability under CERCLA, (3) that the CERCLA statute of limitations bars Counts I through III, (4) that Plaintiffs have not sufficiently alleged Defendants' trespasser liability, (5) that Plaintiffs have not sufficiently alleged a negligence *per se* claim, and (6) that Plaintiffs' request for attorneys' fees should be stricken as they are not recoverable in this action. With regard to Defendants' first contention, that the Complaint is devoid of allegations to establish Monsanto Company's standing, the court directs Defendants' attention to the first sentence of the Complaint: "Plaintiffs The NutraSweet Company and Monsanto Company (collectively, "NutraSweet") allege as follows: . . .". The court finds numerous allegations regarding the incurrence of response costs by "NutraSweet," i.e. The NutraSweet Company *and* Monsanto Company. (*See* Compl, ¶¶ 39, 40, 43, 44, 45, 46, 57, 58, 59, 60, 61, 62, 65, 69). As such, the court finds no merit in Defendants' first argument.

■ Defendants' second averment is misplaced as well. The court agrees with Defendants that CERCLA § 9607(a)(3), a section applicable to the first three counts, requires Plaintiffs to allege that Defendants disposed of, or at least arranged for the disposal of, hazardous substances onto the plaintiff's land. However, the court finds that Plaintiffs did, in fact, make such allegations: "The chlorinated solvents and other chemical substances that X–L and Prikos caused and/or allowed to be dumped at the X–L Facility *and at . . . the NutraSweet Property . . .* are 'hazardous substances'." (Compl. ¶ 55) (emphasis added); "X–L and Prikos arranged for the disposal of hazardous substances owned or possessed by X–L and Prikos *at the NutraSweet Property*." (Compl. ¶ 61) (emphasis added). Accepting Plaintiffs' allegations as true, and construing the allegations liberally, the court finds that Plaintiffs have met their burden under notice pleading. Accordingly, the court denies Defendants' motion with regard to the second contention.

■ Third, Defendants argue, without citation to case law, that the instant CERCLA claims are untimely and barred by the applicable statute of limitations. Section 9613(g)(2)(A) provides that actions similar to those instituted by Plaintiffs must be brought within three years after completion of the "removal" of hazardous substances. 42 U.S.C. § 9613(g)(2)(A). Yet, "removal" as defined in CERCLA involves much more than the plain meaning of the term, it encompasses "the cleanup or removal of released hazardous substances, . . . such actions as may be necessary to monitor, assess, and evaluate the release, . . . the disposal of removed material, or the taking of such other actions as may be necessary to prevent, minimize, or mitigate damage to the public health or welfare or to the environment. . . ." 42 U.S.C. § 9601(23). In other words, CERCLA defines the single "removal date" as the date of the last activity described in § 9601(23), such as monitoring, assessing, or evaluating a release of hazardous material. *Kelley v. E.I. DuPont de Nemours and Co.*, 17 F.3d 836, 843 (6th Cir.1994) ("[i]t is simply inconsistent with [CERCLA's] essential purposes [to] require suit on each arguably independent removal activity."). Plaintiffs allege that they continue to this day to evaluate, assess and monitor the land on which Defendants allegedly disposed of hazardous materials. Moreover, Plaintiffs allege that they

continue to incur "response" costs, including investigation and cleanup costs. Therefore, accepting Plaintiffs' allegations as true, the court finds that the applicable statute of limitations has yet to begin running and, therefore, finds the claims to be timely filed.

■ Fourth, Defendants assert that Plaintiff's attempt to allege a state law intentional trespass cause of action in Count IV is insufficient to withstand a motion to dismiss. To sufficiently allege such an action in Illinois, a plaintiff must allege that the defendant "act[ed] with knowledge that his conduct will, to a substantial degree of certainty, result in ... intrusion," and "[t]hus, a person who aids, abets, assists, or directs the commission of a trespass by another is liable for trespass." *Freese v. Buoy*, 217 Ill.App.3d 234, 244, 160 Ill.Dec. 222, 576 N.E.2d 1176 (Ill.App.Ct.1991). Plaintiffs allege that an X–L employee illegally dumped hazardous wastes "at or near" their property and that Defendants "caused" this intrusion. (Compl. ¶¶ 26, 55). The court finds these allegations, among others, to satisfy the pleading requirements.

■ Fifth, Defendants argue that Count VII, titled "Negligence Per Se" must be dismissed since the Resource, Conservation and Recovery Act, 42 U.S.C. § 6901, ("RCRA"), does not allow a private right of action for the recovery of investigation and remediation costs. While the court agrees that there is no private right of action under RCRA for recovery of such costs, *Kaufman & Broad–South Bay v. Unisys Corp.*, 822 F.Supp. 1468 (N.D.Cal.1993), the court disagrees that Plaintiffs are barred by RCRA from bringing a state law tort claim premised on facts similar to those which might also violate RCRA. The court notes that RCRA is mere evidence, to be used at trial, which could establish to a jury or judge that a duty existed and that the failure to meet RCRA requirements constitutes a breach of that duty. Therefore, the court construes the count to be one of negligence. However, the court finds both Counts VI and VII to be premised on the same standard, a negligence standard, and therefore dismisses Count VII as duplicative. *Falcon Assoc., Inc. v. City of O'Fallon, Ill.*, 867 F.Supp. 778, 780 (S.D.Ill. 1994).

■ Finally, Defendants contend that attorneys' fees are not recoverable under CERCLA nor under state law negligence theories, and thus the portion of the Complaint requesting attorneys' fees should be stricken. With regard to the remaining state law supplemental counts, Counts IV through VI, the court agrees with Defendants that Plaintiff may not recover attorneys' fees based on negligence claims, *Calcagno v. Personal Care Health Management, Inc.*, 207 Ill.App.3d 493, 506, 152 Ill.Dec. 412, 565 N.E.2d 1330 (1991), or other causes of actions sounding in tort, *In re Estate of Dyniewicz*, 271 Ill.App.3d 616, 618, 208 Ill.Dec. 154, 648 N.E.2d 1076 (Ill.App.Ct.1995).[4] Therefore, the court strikes the portion of the Prayer for Relief referring to Counts IV through VI.

■ The court also agrees that CERCLA "does not provide for the award of private litigants' attorney's fees associated with bringing a cost recovery action." *Key Tronic Corp. v. United States*, 511 U.S. 809, ——, 114 S.Ct. 1960, 1967, 128 L.Ed.2d 797 (1994). However, this determination that litigation-related fees are not recoverable "does not signify that all payments that happen to be made to a lawyer are unrecoverable expenses under CERCLA. On the contrary, some lawyers' work that is closely tied to the actual cleanup may constitute a necessary cost.... These kinds of activities are recoverable costs of response clearly distinguishable from litigation expenses." *Id.* Thus, with regard to Counts I through III, the CERCLA Counts, the court finds that there may indeed be a set of facts which would justify an award of attorneys' fees to Plaintiffs upon disposition of this case. As such, the portion of the Complaint requesting fees remains as to Counts I through III.

---

4. "Under the American Rule, ... a successful party may not recover attorneys' fees or the costs of litigation in the absence of a statute or an agreement of the parties." *Dyniewicz*, 271 Ill. App.3d at 628, 208 Ill.Dec. 154, 648 N.E.2d 1076. "Exceptions to the Rule are narrowly construed and are not extended." *Id. See also Insurance Co. of North America v. J.L. Hubbard Co.*, 23 Ill.App.3d 254, 318 N.E.2d 289 (1974).

In sum, the court finds that all of Defendants' contentions supporting their Motion to Dismiss are without merit. Nevertheless, the court *sua sponte* dismisses Count VII as duplicative. In denying the instant motion, the court makes no finding as to the merit of the Complaint or of the defenses. For now, the remainder of the Complaint shall stand.

### IV.  *Conclusion*

The court denies Defendants' Motions to Suppress Evidence, Quash Statements and Dismiss the Complaint.

IT IS SO ORDERED.