## William H. McMicken v. Helen M. Safford et al.

1. CONSIDERATION—*An Agreement to Forbear for a Reasonable Time, When Followed by Actual Forbearance.*—An agreement to forbear for a reasonable time, followed by actual forbearance, is a sufficient consideration to support the promise of a third person as well as of the person liable to the suit.

Assumpsit, on a promissory note. Error to the Circuit Court of Warren County; the Hon. HENRY B. WILLIS, Judge, presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed January 24, 1902.

· N. J. Aldrich and Theodore Worcester, attorneys for plaintiff in error.

M. O. Southworth and Cheney & Evans, attorneys for defendants in error.

Mr. Justice Higbee delivered the opinion of the court.

This was a suit in assumpsit brought to the May term, 1900, of the Kane Circuit Court, by Helen M. Safford against William H. McMicken and Thomas D. McMicken, upon a promissory note. The note was for the principal sum of $1,500, bore date March 13, 1892, matured one year thereafter, and was made payable to the order of Helen M. Safford. It was originally signed by William McMicken and his wife, but after it became due, their sons, William H. McMicken and Thomas D. McMicken, signed it, subscribing their names under those which the note then bore. The two original signers having died, this suit was brought to charge William H. and Thomas D. McMicken as guarantors. A jury was waived and there was a finding and judgment in favor of the plaintiff for the principal and interest of the note, amounting to $2,266. This writ of error was sued out by William H. McMicken, but Thomas D. McMicken assigns cross-errors, identical with the errors assigned by plaintiff in error.

It appears from the proofs that William McMicken and his son Thomas D. were merchants in the city of Aurora, and on January 27, 1896, were in failing circumstances. On that day R. S. Safford, the husband and agent of Helen M. Safford, having heard that judgments had been entered against the firm of William McMicken and son, called upon William McMicken at his store and told him that he, Safford, wanted something done in regard to that note. McMicken said he had plenty of means to pay it if he only had time. Safford said he would give all the time necessary, or any reasonable time. McMicken then said if Safford would hold up, he would have the boys sign the note. Thereupon William McMicken had some conversation apart with his two sons, William H. and Thomas D.

McMicken, and they signed the note. William McMicken then delivered the note to Safford, who left the store. No further demand for the payment of the note was made until about sixty days before this suit was brought. Safford and his son, who was with him at the time, both swear that defendants below were present and in hearing distance when the conversation mentioned took place, while the latter deny that they were present. Valentine Slaker, an employe of McMicken & Son, testified that he was at the store at the time in question; that "Will" was in the back part of the store and "Tom" nearer the front, and that "Will" was afterward called to the front.

Two reasons are urged why the judgment should be reversed. First, that the agreement to forbear collection of the note for a reasonable time is void, and hence there was no consideration for the contract of guaranty. It is true that no definite time of forbearance was fixed, but it is evident from the proof that a reasonable time was agreed upon. In Glasscock v. Glasscock, 66 Mo. 627, it is said: "An agreement to forbear, either absolutely or for a certain time, or for a reasonable time, to institute or prosecute legal or equitable proceedings to enforce a legal or equitable demand, is a sufficient consideration to support a promise of a third person, as well as of the person liable to suit." To the same effect is Calkins v. Chandler, 36 Mich. 320.

In the case of Morgan v. Park National Bank, 44 Ill. App. 582, it was held that "an agreeement to forbear is a good consideration. Nor is it necessary that the agreement to forbear should be for a definite time; it is sufficient if it be for a reasonable time; although a promise to forbear for a little time or some time, it has been held, is too indefinite to constitute a good consideration."

The promise to forbear a reasonable time was in this case followed by actual forbearance for over four years. There was, therefore, ample consideration to support the guaranty.

The second contention is, that there is no proof that the defendants below knew that there was any consideration, and without such proof the action against them must fail.

The court, at the request of the defendants below, held the law to be, that it was necessary for the plaintiff to prove a distinct consideration to support the contract of guaranty or suretyship, and also that in order to hold defendants in this suit, under the pleadings, it was incumbent upon the plaintiff to show by a preponderance of the evidence that the consideration relied upon for the contract was made known to or understood by them at the time of the said contract.

Under this ruling as to the law of the case, it follows necessarily that the court must have found from the evidence that the terms upon which forbearance was given, were known to William H. and Thomas D. McMicken. While the evidence upon this question was conflicting, we can not say the proof failed to sustain the finding of the court.

The judgment of the court below is accordingly affirmed.