## Mattie White Spalding, Appellant, v. Estate of William R. White, Deceased, Appellee.

1. EXECUTORS AND ADMINISTRATORS, § 209*—*when contract by deceased to pay daughter for waiving claim of alimony against husband and keeping house for deceased, basis for claim against estate.* Where a father agrees to pay his married daughter a certain sum

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

of money, if she will waive her claim to alimony against her husband, and after the divorce come and live with her father and keep house for him, and she had fully complied with the agreement on her part at the time of her father's death, without such sum being paid, *held* that she was entitled to such sum as a claim against her father's estate, and *held* that she was entitled to have such claim allowed though she was granted alimony on her petition to the court where the divorce was granted after the death of her father.

2. CONTRACTS, § 134*—*when contract by father to pay daughter to waive claim for alimony against husband and keep house for father not illegal.* Where a father agrees to pay his daughter a certain sum if she will waive her claim for alimony against her husband and come and live with her father and keep house for him, and the agreement on her part is fully performed at the time of her father's death, *held* that the agreement is not void as being only a promise to make a gift not fulfilled within the lifetime of the donor, nor void under the statute of frauds as being a promise to answer for the debt of another, nor void as against public policy because made to secure a divorce.

3. CONTRACTS, § 83*—*when agreement to waive claim for alimony sufficient consideration to support a promise by a third party.* An agreement by a daughter to waive, forbear and discontinue her claim for alimony against her husband in a divorce suit is sufficient to support a promise by her father to pay her $1,000 if she will come to his home and keep house for him.

4. CONTRACTS, § 142*—*when contracts relating to alimony not invalid as against public policy.* It is not contrary to public policy in an action for divorce to permit the parties interested therein to make any agreement which they may see fit concerning their property rights or for the support of the wife, and the fact that the wife may have been influenced by a third party to make an agreement relating alone to alimony will not vitiate the contract made by the third party.

5. FRAUDS, STATUTE OF, § 10*—*when contract not void as being a promise to pay debt of another.* Contract by a father to his married daughter to pay her a certain sum in consideration that she would waive her claim for alimony in a divorce suit against her husband and come and keep house for her father, *held* to be an original undertaking on the part of the father and not void under the statute of frauds as being a promise to pay the debt of another, and *held,* though the contract was within the statute of frauds, that the plea of the statute of frauds cannot be invoked when the contract has been completely performed by the other party.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

Appeal from the Circuit Court of McLean county; the Hon. Colostin D. Myers, Judge, presiding. Heard in this court at the October term, 1912. Reversed and remanded with directions. Opinion filed October 16, 1913. Rehearing denied December 3, 1913.

Barry & Morrissey and Lester H. Martin, for appellant.

Welty, Sterling & Whitmore and Frank Y. Hamilton, for appellee.

Mr. Presiding Justice Philbrick delivered the opinion of the court.

Appellant, Mattie White Spalding, is the daughter of William R. White, deceased, she married one Dr. J. B. Spalding who lived in Wisconsin; Mrs. Spalding began an action for divorce, and the question arose concerning the payment of alimony. William R. White was then a widower, and for the purpose of avoiding a controversy over the question of alimony, he entered into an agreement with Mrs. Spalding by which he promised her that if she would not contest the question of alimony with her husband and would come to his home, if a divorce was granted, and keep house for him he would give her $10,000. Mrs. Spalding waived her claim for alimony.

That a contract was made and its terms and conditions agreed upon between Mrs. Spalding and her father is not disputed. Mrs. Spalding procured her divorce and went to her father's home in Bloomington, Illinois, where she lived and kept house for him until his death, thereby fully completing and carrying out the terms and conditions of the contract on her part. Her father in his lifetime turned over to her, to secure the payment of this $10,000, two notes amounting to $20,000, which he represented to her as being good security; and during his lifetime paid interest to her on this $10,000; the last payment of interest was made by a check for something over $900 a few days before his death. This check was paid by his executors after

his death, but he never paid the principal for the reason, as stated by him, that he was a little short of money and needed what he then had in his business. Mrs. Spalding filed a claim against his estate, the claim was disallowed by the County Court and on appeal to the Circuit Court was there rejected; and from the judgment of the Circuit Court this appeal is prosecuted.

Appellant insists that the judgment should be reversed for the reason that she waived and surrendered at the request of her father a valid and subsisting claim which she had against her husband; that she fulfilled all of the terms and conditions of her contract with her father, and the notes having proved worthless which were given to her to secure the payment of the same; and that the judgment is against the manifest weight of the evidence and is contrary to the law.

Appellee on the other hand insists that the judgment is correct, and should be affirmed, claiming that the agreement was only a promise to make a gift, and was not fulfilled within the lifetime of the donor and therefore void; that it was a promise to answer for the debt of another and void under the statute of frauds; and also because it was made to secure a divorce between Mrs. Spalding and her husband and is therefore contrary to public policy.

The contention that the promise was a mere gift is conclusively disproved by the testimony of both counsel for Mrs. Spalding and Dr. Spalding in the divorce proceedings, who were present when the contract was entered into. Their evidence shows the promise was made upon condition that Mrs. Spalding would make no claim for alimony from her husband, and after the divorce she would go to the home of her father and keep house for him; both of these conditions were complied with by her. She thereby not only waived a valid claim she then had against her husband, but also performed services after that time and up to the date of her father's death in his household.

The agreement to waive, forbear and discontinue her claim for alimony against her husband was a sufficient consideration to support this contract. *Morgan v. Park Nat. Bank,* 44 Ill. App. 582; *McMicken v. Safford,* 197 Ill. 540; *Warren v. Warren,* 105 Ill. 568; *Dalby v. Maxfield,* 244 Ill. 214.

It is insisted, however, that because appellant petitioned the court where the divorce was granted for an allowance of alimony from her husband after the death of William R. White, which petition was allowed, she cannot recover.

Appellant fulfilled her promise to the deceased who has failed to comply with his agreement to pay her the $10,000, whereby he violated his contract, and the fact that she was compelled to obtain support from her former husband after her father had failed to comply with the terms of his contract will not permit the estate of the deceased to escape its performance, after the contract has been fully performed by her; to permit this would be to allow the estate to profit by the wrongful act of the testator.

Even though the waiver of her right to alimony should be held not to be a sufficient consideration to support the agreement, it will not seriously be contended that the agreement to perform the duties of housekeeper for appellee's testator during the remainder of his life, and the fulfillment of the promise, was not a sufficient consideration to support the contract; and there is no contention made by appellee that this would not be sufficient consideration.

From the conclusion above reached, it therefore follows that the contention that this promise was a mere gift cannot be maintained.

The contention that it was a promise to answer for the debt of another and void under the statute of frauds is equally untenable for the reason that it is conclusively proved that instead of being a promise to answer for the debt of another it was an original undertaking by appellee's testator. While it was a

duty imposed by law upon Dr. Spalding to care for and maintain his wife, it was not such an obligation that where for a sufficient consideration another person by contract agrees to furnish the wife with support can avoid the contract under plea of the statute of frauds, and, even though the contract had been within the statute of frauds, appellee cannot now invoke the plea of that statute for the reason that the contract has been fully and completely performed by the other party with whom it was made. *Knight v. Collings*, 227 Ill. 348.

Upon the further and last contention made by appellee, that it was a promise made to secure a divorce between Mrs. Spalding and her husband, there is no evidence in this record upon which such a contention can be sustained. The application for divorce was pending, cause for divorce existed, the divorce was finally granted, and it is not contrary to public policy in an action for a divorce to permit the parties interested therein to make any agreement which they may see fit concerning their property rights or for the support of the wife; they may make any agreement settling their property rights or waive any property rights which they deem advisable, and the fact that the wife may have been influenced by a third party to make an agreement relating alone to alimony will not vitiate the contract made by the third party.

The finding of the court is clearly against the manifest weight of the evidence and is contrary to the law. The cause was heard in the Circuit Court without a jury, the jury having been waived. This court is therefore authorized to finally determine the cause and either enter a final judgment in this court or remand the cause and direct what judgment shall be entered. The judgment is, therefore, reversed and the cause remanded to the trial court with directions to allow this claim and enter judgment against the estate of William R. White for the sum of $10,000, together with interest thereon from the death of the testator.

*Reversed and remanded with directions.*