**Yeomans & Shedd Hardware Company, Appellant, v. Charles E. Silkey, Appellee.**

**Gen. No. 8,419.**

April term, 1930. Heard in this court at the April term, 1930. Opinion filed October 29, 1930.

Jewell & Speakman, for appellant.

Lewman & Carter, for appellee.

Mr. Justice Niehaus delivered the opinion of the court.

In this case the trial court sustained a general and special demurrer to the declaration in assumpsit filed by the appellant Yeomans & Shedd Hardware Company against the appellee Charles E. Silkey, in the circuit court of Vermilion county; and a judgment was thereupon rendered against the appellant in bar of this suit. This appeal is prosecuted from the judgment.

It is argued by the appellee that the declaration is legally insufficient for the following reasons, namely: That the second count does not set forth a copy of the written contract which is the instrument sued on; and that this constitutes a fatal defect. It is a sufficient answer to this contention however, to say that while the second count does not set out the contract verbatim, it does purport to give the substance of the contract sued on, and its terms. A copy of the instrument sued on is set out *in haec verba* in the first count of the declaration. It is argued with reference to the first count that there is a variance between the terms of the contract as set out in the count and the allegations bearing upon appellant's right of recovery; but no substantial variance is apparent. It is also contended that no consideration appears from the contract to sustain the contract; or from the averments in the count. Concerning this contention, it is pointed out that the averments in each of the counts are to the effect that the contract sued on was entered into by the parties for the purpose of securing an extension of the time of payment in whole or in part of the indebtedness of one of the parties to the same, namely, Blanch B. Silkey, the indebtedness in question being represented by the promissory notes referred to in the contract. The procuring of an extension of time for the payment of the debt is recognized in law as a sufficient

consideration to support a contract. *Underwood v. Hossack,* 38 Ill. 208; *Harris v. Harris,* 180 Ill. 157; *McMicken v. Safford,* 197 Ill. 540; *Farmers Nat. Bank of Princeton v. Rosenkrans,* 240 Ill. App. 230; *Spalding v. White's Estate,* 184 Ill. App. 217; *Commercial State Bank v. Folkerts,* 200 Ill. App. 385.

For the reasons stated we conclude that the declaration stated a cause of action and the demurrer should therefore have been overruled. Judgment is therefore reversed and the cause remanded with directions to overrule the demurrer.

*Reversed and remanded with directions.*