ANTHONY R. MARTIN-TRIGONA, Plaintiff-Appellant, *v.* BLOOMINGTON FEDERAL SAVINGS & LOAN ASSOCIATION *et al.*, Defendants.—(SCHIFF, HARDIN & WAITE *et al.*, Defendants-Appellees.)

First District (2nd Division)    No. 80-1298

———

Opinion filed November 10, 1981.

Anthony R. Martin-Trigona, of Chicago, for appellant, *pro se.*

Schiff, Hardin & Waite, of Chicago (Aaron J. Kramer, of counsel), for appellees, *pro se.*

Mr. JUSTICE DOWNING delivered the opinion of the court:

Plaintiff Anthony R. Martin-Trigona filed a 21-count complaint in the Circuit Court of Cook County against nine defendants. Among those defendants were the Chicago law firm Schiff, Hardin & Waite (Schiff), and Barry Alberts (Alberts), a member of the Schiff firm. Schiff and Alberts filed a single motion to dismiss the complaint against them. The circuit court granted this motion and entered an order under Supreme Court Rule 304 (73 Ill. 2d R. 304) making the dismissal appealable immediately. Martin-Trigona thereafter instituted the present appeal.

Martin-Trigona has filed a confusing, inartfully drawn, *ad hominem* appellant's brief with this court. In effect the brief asks this court to find (1) that the complaint properly alleged a breach of contract action against Schiff and Alberts, or (2) that the complaint alleged a cause of action against the same parties on the basis of fraud. Martin-Trigona therefore asserts that the circuit court's order of dismissal was erroneous.

Since this appeal is taken from the grant of a motion to dismiss, the facts are taken from the complaint, especially count 14, and are viewed as admitted by Schiff and Alberts for these purposes to the extent that they are well-pleaded. *Mid-Town Petroleum, Inc. v. Dine* (1979), 72 Ill. App. 3d 296, 302, 390 N.E.2d 428.

The instant appeal has its genesis in a mortgage foreclosure action instituted by defendant Bloomington Federal Savings & Loan Association (Bloomington) against Martin-Trigona and others in the Circuit Court of Champaign County, Illinois, sometime in early 1978. Schiff, through Alberts, represented Bloomington in that case. Its merits are not relevant to this appeal.

Subsequent to the filing of the Champaign County action, but prior to Martin-Trigona's appearance therein, Schiff, through Alberts, apparent-

ly entered into a discussion with Martin-Trigona and his attorney, Paul Bradley. Bradley advised Alberts that he believed Martin-Trigona had substantial claims against Bloomington but desired a "peaceful and peaceable settlement."

Schiff, Alberts, and Martin-Trigona then allegedly entered into an agreement by which Schiff and Alberts would not proceed with the Champaign County case and Martin-Trigona would not pursue his claims while settlement negotiations went forward. As a result of the purported agreement, Martin-Trigona alleges that he failed to appear in the Champaign County case. Bloomington's local attorney (not Schiff) allegedly proceeded to secure a default judgment against Martin-Trigona.

Martin-Trigona's Cook County complaint further alleges he was unable to appeal entry of that default because of its interlocutory nature. He alleges that he suffered "substantial economic loss and legal fees" nonetheless, and seeks $500,000 actual damages and $1 million punitive damages due to Schiff's and Alberts' alleged breach of the "contract and agreement" with Martin-Trigona.

Other facts, made known through Schiff's and Alberts' motion, are that Martin-Trigona filed a timely motion to vacate the default judgment in Champaign County which made no mention of the purported agreement. This motion was denied. Subsequently, only after the present action had begun and Schiff had filed the motion to dismiss, Martin-Trigona filed with the Champaign County court a motion to vacate the default judgment based upon the same theory as presented in count 14 of the Cook County complaint.

I

■■ Martin-Trigona's appeal arises from the circuit court's grant of Schiff's and Alberts' motion to dismiss. The circuit court's dismissal did not specify the grounds upon which the dismissal was based. Schiff and Alberts relied upon several theories in presenting their motion.[1] In such circumstances, the reviewing court may affirm the dismissal upon any of the issues raised in the motion to dismiss. *Mid-Town Petroleum, Inc. v. Dine* (1979), 72 Ill. App. 3d 296, 298-99.[2]

---

[1] Schiff and Alberts argued in their motion to dismiss that (1) the default action was still pending in Champaign County, and Martin-Trigona should raise the instant matter there; (2) Martin-Trigona's failure to raise the matter in his motion to vacate the default constitutes an "estoppel" of the claim; (3) the Cook County action constitutes an impermissible collateral attack on the default judgment; (4) Martin-Trigona failed to allege injury from the breach of contract; and (5) Martin-Trigona failed to adequately allege the existence of a contract, as more fully described above.

[2] Schiff and Alberts begin their brief by claiming that the circuit court's order should be summarily affirmed because Martin-Trigona has not rebutted the presumption that the court has acted properly, which arises where, as here, no report of proceedings is presented and the order recites that the court is fully advised in the premises. We choose instead to reach the merits of the appeal.

One of the bases of Schiff's and Alberts' motion was that Martin-Trigona's allegations did not show the existence of a duty owed by Schiff or Alberts to Martin-Trigona, did not allege conduct which would constitute a breach of contract, and did not allege consideration for the alleged agreement. Martin-Trigona apparently argues on appeal that the complaint did adequately allege a breach of contract action.

■■ A proper and adequate complaint based upon breach of contract must allege the existence of the contract purportedly breached by the defendant, the plaintiff's performance of all contractual conditions required of him, the facts of the defendant's alleged breach, and the existence of damages as a consequence thereof. (*Thilman & Co. v. Esposito* (1980), 87 Ill. App. 3d 289, 296, 408 N.E.2d 1014.) Allegations demonstrating the existence of a contract must contain facts indicating an offer, acceptance, and consideration. (*Kalkounos v. Four K's, Inc.* (1981), 94 Ill. App. 3d 1011, 1012-13, 419 N.E.2d 503; *Mid-Town Petroleum, Inc. v. Dine* (1979), 72 Ill. App. 3d 296, 301; *Pollack v. Marathon Oil Co.* (1976), 34 Ill. App. 3d 861, 864, 341 N.E.2d 101.) A general allegation that a contract exists, without supporting facts, is a legal conclusion which is not admitted as true by a motion to dismiss or strike. *Pollack v. Marathon Oil Co.*

■■ After examining Martin-Trigona's complaint, we find that Martin-Trigona has failed to adequately plead a breach of contract action. First, his allegations as to offer and acceptance are contained in a paragraph which, in form, is essentially a legal conclusion.[3] Since such legal conclusions are neither admitted as true by a motion to dismiss (*Mid-Town Petroleum, Inc. v. Dine*), nor adequate to serve as the essential elements of a complaint (*Pollack*), the circuit court could have correctly based its dismissal order on this theory.

■■ Second, the paragraph just discussed alleges that Alberts (and by implication Schiff) was an agent of Bloomington in entering into the alleged agreement. It is well settled that, where an agent discloses his principal and the existence of an agency relationship therewith, that agent is not liable on a contract he enters into with another unless the agent agrees to become personally liable. The relationship of an attorney to his client is generally governed by such rules of agency. (*McCorkle v. Weinstein* (1977), 50 Ill. App. 3d 661, 663-64, 365 N.E.2d 953, *appeal denied* (1977), 66 Ill. 2d 639.) Martin-Trigona alleges in general language that Alberts and Schiff were independently bound by the alleged agree-

---

[3] Paragraph 89 of count 14 reads (relevantly):
"Alberts ° ° ° and plaintiff entered into an agreement not to press the BF case and not to press any claims of plaintiff unless and until a settlement could be reached or settlement could not be reached, and Alberts for BF and plaintiff ° ° ° agreed to withhold any actions pending this series of ongoing negotiations."

ment.[4] This allegation is, however, a conclusion of law. Nothing in the remaining allegations of the complaint serves to indicate that either Alberts or Schiff intended to be liable on the alleged agreement.[5] Consequently, the complaint does not properly recite facts showing that either Alberts or Schiff could be personally liable for a breach of contract, even had Martin-Trigona properly alleged such cause of action.

■■ We are cognizant of Martin-Trigona's assertion that the complaint adequately alleges sufficient consideration to support a contract. (See footnote 3.) Certainly, the consideration alleged, mutual promises to forbear prosecution of actions which are reasonably believed meritorious by the parties, can support a contract. (See *McMicken v. Safford* (1902), 100 Ill. App. 102, 104, *aff'd* (1902), 197 Ill. 540, 64 N.E. 540; *Morgan v. Park National Bank* (1892), 44 Ill. App. 582, 584-85; see also *Spalding v. White* (1913), 184 Ill. App. 217, 221.) However, since Martin-Trigona's complaint is otherwise fatally deficient in its breach of contract allegations, the circuit court could properly have dismissed the count against Schiff and Alberts despite the sufficiency of this facet of that pleading. We therefore find no error in that court's decision.

## II

### A.

Alternatively, Martin-Trigona argues that Alberts (and presumably Schiff) is liable on the theory of fraud. This assertion is premised upon alleged fraudulent acts of Bloomington for which, Martin-Trigona argues, Alberts and Schiff should be liable as its attorneys.

■■ Alberts and Schiff correctly respond that the complaint contains no adequate factual allegations setting forth the elements of an action for fraud. (See *Perlman v. Time, Inc.* (1978), 64 Ill. App. 3d 190, 194-95, 380 N.E.2d 1040.) Consequently, this argument has no merit.

### B.

Martin-Trigona also argues that the circuit court's dismissal order was entered "prematurely." This contention is based upon the unsupportable assumptions that "clearly, one or the other [Bloomington or Schiff and Alberts] is liable for breach of the agreement," and that "the breach of agreement and damages were beyond question." No legal authority is cited in addition to these weightless assumptions to support this contention. We therefore reject it.

---

[4] Paragraph 93 of count 14 reads (relevantly): ``

"Schiff ° ° ° and Alberts ° ° ° were all equally bound by the agreements ° ° °."

[5] In his brief, Martin-Trigona contends that Alberts did not have the authority to make the promise "he in fact made." This contention contradicts the plain language of the complaint; consequently, we attach no weight to this claim.

## III

Schiff's and Alberts' brief presents several other grounds upon which the circuit court's dismissal order may be affirmed. In light of our determinations recited above, we find it unnecessary to reach these arguments.

For the reasons stated herein, we affirm the Circuit Court of Cook County's dismissal of Martin-Trigona's cause of action against Schiff and Alberts.

Affirmed.

HARTMAN, P. J., and STAMOS, J., concur.