CARL SODERSTROM *et al.*, d/b/a Midwest Prairie Invitational Partnership, Plaintiffs-Appellants, *v.* ROCK RIVER VALLEY PIGEON CLUB, INC., Defendant-Appellee.

Third District No. 3—83—0384

Opinion filed March 9, 1984.

David L. Higgs, of Sutkowski & Washkuhn Associates, of Peoria, for appellants.

Arthur G. Greenberg, of Teplitz, Morris & Greenberg, of Peoria, for appellee.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

This appeal arose from a contract action in which the Midwest Prairie Invitational Partnership, engaged in the business of transporting homing pigeons to and from races and calculating the results of

races, sued the Rock River Valley Pigeon Club, Inc. (the Club), for breach of contract. The complaint contained two counts; (1), that an oral contract existed to which the defendant raised as a defense to enforcement, the Statute of Frauds and (2), a written contract. The judge of the circuit court of Tazewell County dismissed both counts of plaintiff's second amended complaint. We do not agree that the complaint should have been dismissed as to the written contract because plaintiff's complaint alleged sufficient facts to find that a written contract existed between the parties.

The second amended complaint alleged that on April 20, 1981, plaintiffs mailed a signed copy of the contract to the defendant. The contract was signed by the officers of the Club and plaintiffs were notified by phone that the contract was signed. All facts well pleaded in the complaint must be taken as admitted in deciding whether plaintiffs' complaint stated a cause of action. (*Martin-Trigona v. Bloomington Federal Savings & Loan Association* (1981), 101 Ill. App. 3d 943, 428 N.E.2d 1028.) We believe that the complaint stated the existence of a signed written contract.

■ The Club argues that the failure to deliver the signed agreement to the offeror was fatal because actual delivery was a condition precedent to contract formation. Because the complaint did not allege actual delivery we must consider whether the failure to deliver was indeed fatal to this contract. Clearly delivery is not an essential element to the formation of a contract unless the offer specifies actual delivery as an essential part of acceptance of the offer. Otherwise, acceptance may be by any reasonable means. (12 Ill. L. & Prac. *Contracts* sec. 30 (1983).) In this case the contract contained the following sentence "If the above terms are acceptable to the Partnership, please sign and return a copy of the letter to me" which defendant argues mandates that actual delivery is necessary to acceptance. We do not agree. From the record it is obvious that the trial judge relied upon the rule that delivery is an essential element of any contract formation rather than deciding that this contract clearly required delivery.

■ In *Lakshman v. Vecchione* (1981), 102 Ill. App. 3d 629, 430 N.E.2d 199, the court considered similar wording in a contract and found that it did not limit the manner of acceptance. Considering the record as a whole, the court in *Lakshman* concluded "that once the fact of defendant's acceptance was communicated to plaintiffs by defendants' attorney, a valid contract existed." This complaint alleges in count I that

"8. The contract was then signed by the officers of Defend-

ant and Defendant communicated this fact to Plaintiffs though Defendant retained the signed contract.

9. As recently as January of 1982, Defendant communicated to Plaintiffs that the contract was fully signed and executed and that Defendant intended to abide by the terms of the contract."

Taken as true, these allegations in the plaintiffs' complaint indicate that defendant's acceptance was by reasonable means and was communicated to plaintiffs. In fact the parties apparently performed under the contract for at least a one-year period.

We find that the contract did not require actual delivery as a condition precedent to contract formation and, therefore, that the complaint contains sufficient allegations that acceptance was made by reasonable means.

■ We agree, however, that the oral contract alleged in count II of the complaint would be unenforceable because of the Statute of Frauds, which defendant raised as a defense in his motion to dismiss. Furthermore, plaintiffs' complaint does not allege any performance on the part of the Partnership which was not paid for by the Club. The delinquency alleged in the complaint were for annual dues and operating costs accrued in 1982, not part performance for which a court may order restitution.

We, therefore, affirm the decision of the circuit court of Tazewell County dismissing count II of the complaint and reverse as to count I and remand count I to the circuit court for further proceeding consistent with this opinion.

Affirmed in part, reversed in part.

SCOTT and BARRY, JJ., concur.